IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.S., by and through her parent and legal guardian, GERALD S., | ) Civil Action No.  2:20-cv-1671 <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| GEIBEL CATHOLIC JUNIOR SENIOR HIGH SCHOOL, PATRICIA NICKLER, MAUREEN MARSTELLER, and COLE KENDALL, | ) <br> ) <br> ) <br> ) JURY TRIAL DEMANDED |
| Defendants. | ) <br> ) Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, S.S., by and through her parent and legal guardian, GERALD S., by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action to redress the deprivation by the Defendants of the Plaintiff's rights, and in particular, the right to be free from a sexually hostile environment and pervasive harassment in her education.  This action is brought against the Defendants for violating the Plaintiff's rights under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

2.      Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claims is also proper pursuant to 28 U.S.C.A. § 1367.

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

4. Plaintiff, S.S., is a female minor child who resides in Fayette County, Pennsylvania.

5. Defendant, Geibel Catholic Junior-Senior High School ("Geibel"), is a private, Roman Catholic high school with administrative offices located at 611 East Crawford Avenue, Connellsville, Pennsylvania 15425. At all times relevant to this Complaint, Defendant Geibel received state and/or federal funding.

6. At all times relevant hereto, Defendant Geibel was acting by and through its agents, subsidiaries, officers, employees and assigns, acting within the full scope of their agency, office, employment and/or assignment.

7. Defendant, Patricia Nickler ("Nickler"), is an adult individual. Plaintiff believes, and therefore avers, that Defendant Nickler is a resident of Fayette County. Defendant Nickler is, and was, at all times relevant to this Complaint, the principal of Defendant Geibel.

8. Defendant, Maureen Marsteller ("Marsteller"), is an adult individual. Plaintiff believes, and therefore avers, that Defendant Marsteller is a resident of Fayette County. Defendant Marsteller is, and was, at all times relevant to this Complaint, employed by the Diocese of Greensburg as Superintendent of Catholic Schools, including, but not limited to, Defendant Geibel.

9. Defendant, Cole Kendall ("Kendall"), is an adult male individual who resides in Fayette County, Pennsylvania.

## FACTUAL ALLEGATIONS

10. Defendant Geibel is a Roman Catholic high school which receives federal and/or state funding and is located in Pennsylvania.

11. Plaintiff was, at all times relevant to this Complaint, a student of Defendant Geibel.

12. Defendant Kendall was, at all times relevant to this Complaint, a student of Defendant Geibel.

13. On or about March 8, 2019, as Plaintiff was leaving a bathroom located on Defendant Geibel's property, Defendant Kendall forcibly grabbed the Plaintiff, held her against the wall, grabbed her buttocks and groped her breast.

14. Defendant Kendall then forcibly attempted to kiss the Plaintiff's mouth, kissed the Plaintiff's cheek and placed his hand underneath the Plaintiff's skirt.

15. Defendant Kendall's actions, as described hereinbefore above, were unwanted, unprovoked, unjustified and done without the Plaintiff's consent.

16. At that time, the bathroom door was opened by an unknown individual. This startled Defendant Kendall, and the Plaintiff was able to escape from him and leave the area.

17. As a direct result of Defendant Kendall's inappropriate actions and assault on the Plaintiff, Plaintiff suffered severe emotional distress, fear, embarrassment and shame.

18. Thereafter, on three (3) or four (4) separate occasions, Defendant Kendall sent the Plaintiff unwanted and pornographic photographs of his penis via Snapchat, without the Plaintiff's request and/or consent.

19. Upon receipt, Plaintiff immediately deleted these unwanted and pornographic photographs.

20. Defendant Kendall also regularly grabbed the Plaintiff's buttocks when she passed him on the school bus. This inappropriate and unlawful conduct was unwanted, unprovoked, unjustified and done without the Plaintiff's consent.

21. On or about April 15, 2019, and during school hours, Defendant Kendall followed the Plaintiff down a hallway on Defendant Geibel's property, grabbed the Plaintiff's backpack and forcibly pressed the Plaintiff up against a wall.

22. Defendant Kendall then forcibly kissed the Plaintiff's mouth and cheek, groped the Plaintiff's buttocks and breast and placed his hand underneath the Plaintiff's skirt.

23. When Plaintiff escaped from Defendant Kendall, Defendant Kendall followed the Plaintiff up a stairwell and onto a landing.

24. Defendant Kendall forcibly stopped the Plaintiff and proceeded to unzip his pants and remove his penis.

25. At that time, Defendant Kendall grabbed the Plaintiff's hand and forced her to touch his penis.

26. Defendant Kendall's actions, as described hereinbefore above, were unwanted, unprovoked, unjustified and done without the Plaintiff's consent.

27. Thereafter, Plaintiff disclosed Defendant Kendall's inappropriate and unlawful behavior to another student.

28. That night, Defendant Kendall sent a message to the Plaintiff via Snapchat admonishing the Plaintiff for disclosing his inappropriate and unlawful behavior to another student.

29. Defendant Kendall also told the Plaintiff that everyone would think that he was a rapist, and that if he committed suicide it would be the Plaintiff's fault.

30. At that time, Plaintiff reported Defendant Kendall's inappropriate conduct and message, as described hereinbefore above, to her grandfather.

31. Immediately thereafter, Plaintiff's grandfather reported Defendant Kendall's inappropriate and unlawful behavior to Defendant Nickler through electronic mail and requested

that Defendant Nickler meet with the Plaintiff. At that time, Plaintiff's grandfather did not provide Defendant Nickler with Defendant Kendall's name.

32. The following day, Plaintiff met with Defendant Nickler and reported the inappropriate and unlawful conduct of Defendant Kendall, as described hereinbefore above, without specifically identifying Defendant Kendall.

33. At that time, Defendant Nickler assured the Plaintiff that she would protect her from any further harassment and/or assault. Defendant Nickler also informed the Plaintiff that security cameras would be installed on Defendant Geibel's premises.

34. On or about April 18, 2019, Defendant Nickler met with Plaintiff's grandmother regarding the unlawful conduct of Defendant Kendall, as described hereinbefore above. At that time, Defendant Nickler assured the Plaintiff's grandmother that she would protect the Plaintiff from any further harassment and/or assault; that security cameras would be installed on Defendant Geibel's premises; and that Defendant Geibel's teachers and/or staff would be informed of the harassment and assaults suffered by the Plaintiff so that they, along with Defendant Nickler, could "keep an eye" on the Plaintiff.

35. At this same meeting, Defendant Nickler informed the Plaintiff's grandmother that she had compiled a list of male students whom she suspected of harassing and/or assaulting the Plaintiff.

36. Despite these statements by Defendant Nickler, as described hereinbefore above, Defendant Geibel and/or Defendant Nickler failed to take any action in response to the Plaintiff's complaint regarding Defendant Kendall's inappropriate, harassing behavior and his assaults upon the Plaintiff.

37. Defendant Geibel and/or Nickler failed to investigate Plaintiff's claims in any way.

38. Defendant Geibel and/or Nickler failed to install any security cameras after the Plaintiff's complaint, despite promises to do so.

39. Furthermore, Defendant Nickler failed to inform Defendant Geibel's teachers and/or staff of the harassment and assaults suffered by the Plaintiff, despite promises to do so.

40. Defendant Nickler and/or Geibel took no action whatsoever to separate the Plaintiff from any male students, despite Defendant Nickler's list of suspects, as described hereinbefore above.

41. Moreover, Defendant Nickler, a mandated reporter, did not report the assaults to any other teacher, individual, entity and/or authority.

42. Plaintiff believes, and therefore avers, that Defendant Geibel and/or Defendant Nickler have actual knowledge of other instances of assaults of a sexual nature on Defendant Geibel's property involving Defendant Kendall, not including the assaults of the Plaintiff, as described herein.

43. Despite Defendant Geibel and/or Defendant Nickler's actual knowledge of Defendant Kendall's continuous inappropriate behavior towards various female students, and their actual knowledge of Plaintiff's report of harassment and/or assault, Defendant Geibel and/or Nickler failed to take any action, thereby subjecting the Plaintiff to ongoing sexual harassment, assault and a sexually hostile educational environment.

44. Despite her report of Defendant Kendall's inappropriate behavior, which included, but was not limited to, actual physical assault, Plaintiff was forced to attend school, classes and activities on Defendant Geibel's property with Defendant Kendall.

45. Defendant Kendall continued to sexually harass and assault the Plaintiff on Defendant Geibel's property, including regularly grabbing the Plaintiff's buttocks when she passed him on

the school bus. This inappropriate and unlawful conduct was unwanted, unprovoked, unjustified and done without the Plaintiff's consent.

46. The sexually hostile environment and harassment by Defendant Kendall on Defendant Geibel's property has adversely impacted the Plaintiff, the Plaintiff's educational experience and caused her extreme emotional distress.

47. Despite Defendant Geibel and/or Nickler's actual knowledge of the sexually hostile environment and pervasive harassment to which the Plaintiff was subjected while on Defendant Geibel's property, Defendants allowed the harassment and/or assaults to continue, denying the Plaintiff equal access to the educational experience.

48. As a direct result of Defendant Kendall's inappropriate actions and assaults on the Plaintiff, as well as Defendant Geibel and Defendant Nickler's inaction, Plaintiff suffered severe emotional distress, fear, embarrassment and shame.

49. From in or about April 18, 2019, until approximately early December of 2019, Plaintiff's grandmother met with Defendant Nickler on multiple occasions to monitor the actions taken by Defendant Nickler and/or Defendant Geibel in response to Plaintiff's report of harassment and/or assault.

50. On each of these occasions, Plaintiff's grandmother requested that Defendant Nickler and/or Geibel implement the actions that had earlier been promised, as described in Paragraphs 33 and 34, *supra*.

51. Despite these meetings, Defendant Nickler and/or Geibel failed to take any action relating to Plaintiff's report of harassment and/or assault.

52. On or about December 6, 2019, approximately eight (8) months after the Plaintiff's complaint regarding Defendant Kendall to Defendant Nickler, Plaintiff's guidance counselor,

Alison Testa ("Testa"), overheard a conversation between the Plaintiff and another student about the assaults and harassing behavior committed by Defendant Kendall. During that conversation, Defendant Kendall was specifically identified as the perpetrator of the assaults and harassing behavior.

53. At that time, Defendant Nickler had not advised and/or informed any faculty or staff member at Defendant Geibel, including Ms. Testa, of Plaintiff's report of harassment and/or assault, as more fully described hereinbefore above.

54. Ms. Testa spoke to the Plaintiff about Defendant Kendall's conduct and immediately reported Defendant Kendall's inappropriate and unlawful behavior, including, but not limited to, harassment and actual physical assaults, to the Pennsylvania State Police.

55. Thereafter, Defendants Geibel and/or Nickler took no action and allowed the harassment of the Plaintiff by Defendant Kendall to continue, unchecked.

56. Defendant Kendall was not disciplined in any way by Defendant Nickler and/or Geibel for his inappropriate and unlawful actions, as described hereinbefore above. Moreover, although they shared classes and activities, Defendant Nickler and/or Geibel failed to separate Defendant Kendall from the Plaintiff.

57. On or about February 9, 2020, Ms. Testa contacted Defendant Marsteller and advised her of the harassment and assaults on the Plaintiff committed by Defendant Kendall.

58. Defendant Marsteller responded by informing Ms. Testa that Defendant Geibel would pay for the Plaintiff's therapy.

59. No further action was taken by Defendant Geibel, Defendant Nickler and/or Defendant Marsteller, despite actual knowledge of the harassment and assaults on the Plaintiff committed

by Defendant Kendall, and the Plaintiff continued to be subjected to a sexually hostile educational environment, directly impacting her educational experience.

60. From in or about early December of 2019, until approximately early October of 2020, and in light of Defendant Nickler's and/or Geibel's actual knowledge of Defendant Kendall's unlawful acts, Plaintiff's grandmother contacted and/or communicated with Defendant Nickler on multiple occasions to monitor the actions taken by Defendant Nickler and/or Defendant Geibel in response to Plaintiff's report of harassment and/or assault.

61. On each of these occasions, Plaintiff's grandmother questioned Defendant Nickler as to the lack of any disciplinary action taken against Defendant Kendall and his continued presence in classes and activities with the Plaintiff.

62. Despite these continued communications, Defendant Nickler and/or Geibel did not take any action relating to Defendant Kendall's unlawful acts, or Plaintiff's report of harassment and/or assault.

63. Sometime after Defendant Kendall was specifically identified as the perpetrator of the assaults and harassing behavior, Defendant Nickler informed Ms. Testa that she wanted Defendant Kendall "to be treated the same" as any other student.

64. As a direct result of Defendants Geibel, Nickler and and/or Marsteller's continuous and deliberate inaction, as more fully described hereinbefore above, the Plaintiff's educational experience has been significantly impacted, the Plaintiff's grades declined, and the Plaintiff has suffered extreme emotional distress.

## COUNT I:

## PLAINTIFF v. DEFENDANT GEIBEL

## VIOLATION OF PLAINTIFF'S RIGHTS UNDER
## THE EDUCATION AMENDMENTS OF 1979

## TITLE IX

65. Plaintiff incorporates by reference Paragraphs 1 through 64 as though fully set forth at length herein.

66. Defendant Geibel is an educational institution and receives state and/or federal funding.

67. As a student, Plaintiff was repeatedly subjected to a sexually hostile environment and pervasive harassment by Defendant Kendall on Defendant Geibel's property, as more fully described hereinbefore above.

68. Defendant Geibel, through its agents, including but not limited to, Defendant Nickler and Defendant Marsteller, had actual knowledge of the sexually hostile environment and pervasive harassment by Defendant Kendall on its property, as more fully described hereinbefore above.

69. Despite Defendants Geibel, Nickler and Marsteller's actual knowledge of the sexually hostile environment and pervasive harassment by Defendant Kendall that the Plaintiff suffered on Defendant Geibel's property, Defendants failed to take any action and therefore ratified this environment and permitted the sexual harassment to continue.

70. As a direct result of the actions of the Defendant and the sexually hostile environment and pervasive harassment perpetuated by Defendant Kendall and ratified by Defendants Geibel, Nickler and/or Marsteller, the Plaintiff has suffered extreme emotional distress and was denied equal access to an educational experience.

71.      As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant through its agents, Plaintiff suffered the following injuries and damages:

    a.      violation of the Plaintiff's rights under Title IX of the Education Amendments of 1972;

    b.      severe emotional distress, shock, horror, fright and psychological trauma;

    c.      extreme and severe damage to Plaintiff's educational experience;

    d.      economic damages related to any and all medical, legal, and/or other consequential costs; and

    e.      such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANTS GEIBEL, NICKLER and MARSTELLER

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>FAILURE TO PROTECT</u>

72.      Plaintiff incorporates by reference Paragraphs 1 through 71 as though fully set forth at length herein.

73.      Defendants Geibel, Nickler and/or Marsteller failed to protect the Plaintiff as a minor child in their charge from pervasive harassment and assaults by Defendant Kendall.

74. Based on the failure of the Defendants to protect the Plaintiff, the Plaintiff was continually harassed, assaulted and suffered severe emotional injuries, as more fully set forth hereinbefore above.

75. As more fully described hereinbefore above, Defendant Geibel, Defendant Nickler and Defendant Marsteller failed to properly protect the Plaintiff from ongoing pervasive harassment by Defendant Kendall on Defendant Geibel's property, despite actual knowledge of this harassment. This failure has greatly affected the Plaintiff's educational experience.

76. The actions of Defendant Nickler and Defendant Marsteller were willful, deliberate and were done with a reckless disregard for the rights of Plaintiff thereby subjecting Defendants Nickler and Marsteller to punitive damages.

77. As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendants, and each of them, Plaintiff suffered the following injuries and damages:

    a. violation of the Plaintiff's rights under Pennsylvania Common Law;

    b. severe emotional distress, shock, horror, fright and psychological trauma;

    c. extreme and severe damage to Plaintiff's educational experience;

    d. economic damages related to any and all medical, legal, and/or other consequential costs; and

    e. such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendants, and each of them, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendants Nickler

and Marsteller; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANTS GEIBEL, NICKLER AND MARSTELLER

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

NEGLIGENCE

78. Plaintiff incorporates by reference Paragraphs 1 through 77 as though fully set forth at length herein.

79. Defendants Geibel, Nickler and Marsteller had a duty to properly supervise and protect students while students are on Defendant Geibel's property.

80. As more fully described hereinbefore above, Defendant Geibel, Defendant Nickler and Defendant Marsteller failed in that duty, by failing to properly supervise students on Defendant Geibel's property, including Defendant Kendall.

81. As a direct and proximate result of the Defendants' failure to properly supervise students, Defendant Kendall unlawfully assaulted the Plaintiff while on Defendant Geibel's property on several occasions.

82. The failure of the Defendants to properly supervise their students created a substantial risk of the unlawful actions identified herein.

83. Furthermore, Defendants Geibel, Nickler and Marsteller failed to properly protect the Plaintiff from ongoing and pervasive sexual harassment by Defendant Kendall, before and after the Plaintiff's complaint to Defendant Nickler and Ms. Testa's complaint to Defendant Marsteller, which has greatly impacted the Plaintiff's educational experience.

13

84.    As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Geibel, Defendant Nickler and Defendant Marsteller, Plaintiff suffered the following injuries and damages:

    a.    violation of the Plaintiff's rights under Pennsylvania Common Law;

    b.    severe emotional distress, shock, horror, fright and psychological trauma;

    c.    extreme and severe damage to Plaintiff's educational experience;

    d.    economic damages related to any and all medical, legal, and/or other consequential costs; and

    e.    such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants, in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT IV:

PLAINTIFF v. DEFENDANTS NICKLER AND MARSTELLAR

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

85.    Plaintiff incorporates by reference Paragraphs 1 through 84 as though fully set forth at length herein.

86.    Defendants Nickler and Marsteller had a duty to properly supervise and protect students while students are on Defendant Geibel's property.

87. Defendant Nickler breached that duty by failing to take any action after the Plaintiff reported Defendant Kendall's behavior to Defendant Nickler, which lead to the Plaintiff's ongoing harassment and assaults by Defendant Kendall, as more fully described hereinbefore above.

88. Defendant Marsteller breached that duty by failing to take any action after Ms. Testa reported Defendant Kendall's behavior to Defendant Marsteller, which lead to the Plaintiff's ongoing harassment and assaults by Defendant Kendall, as more fully described hereinbefore above.

89. As a direct and proximate result of the failure of Defendant Nickler and Marsteller take any action, as more fully described hereinbefore above, Plaintiff suffered injuries and damages, including severe emotional distress.

90. The actions of the Defendants Nickler and Marsteller were negligent, extreme, outrageous, and without justification.

91. As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendants Nickler and Marsteller, Plaintiff suffered the following injuries and damages:

    a.  violation of the Plaintiff's rights under Pennsylvania Common Law;

    b.  severe emotional distress, shock, horror, fright and psychological trauma;

    c.  extreme and severe damage to Plaintiff's educational experience;

    d.  economic damages related to any and all medical, legal, and/or other consequential costs; and

    e.  such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendants Nickler and Marsteller, in the amount proven at trial; compensatory special damages including,

but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANT KENDALL

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>ASSAULT AND BATTERY</u>

92. Plaintiff incorporates by reference Paragraphs 1 through 91 as though fully set forth at length herein.

93. Defendant Kendall intentionally, willfully and maliciously attacked the Plaintiff when he grabbed the Plaintiff, held her against the wall, grabbed her buttocks and groped her breast, attempted to kiss the Plaintiff's mouth, kissed the Plaintiff's cheek and forcefully began to put his hand underneath the Plaintiff's skirt.

94. Defendant Kendall again intentionally, willfully and maliciously attacked the Plaintiff when he forcibly kissed the Plaintiff's mouth and cheek, groped the Plaintiff's buttocks and breast, put his hand underneath the Plaintiff's skirt and forced the Plaintiff to touch his penis.

95. As more fully described hereinbefore above, on multiple occasions, Defendant Kendall intentionally, willfully and maliciously attacked the Plaintiff when he grabbed her buttocks with his hand.

96. All of Defendant Kendall's actions, as described hereinbefore above, were unwanted, unprovoked, unjustified and done without the Plaintiff's consent.

97.     The actions of Defendant Kendall were willful, deliberate and were done with a reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Kendall to punitive damages.

98.     As a direct and proximate result of the acts described hereinbefore above perpetrated by Defendant Kendall, Plaintiff suffered the following injuries and damages:

   a.   violation of the Plaintiff's rights under Pennsylvania Common Law;

   b.   severe emotional distress, shock, horror, fright and psychological trauma;

   c.   extreme and severe damage to Plaintiff's educational experience;

   d.   economic damages related to any and all medical, legal, and/or other consequential costs; and

   e.   such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Kendall in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; punitive damages against Defendant Kendall and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VI:

PLAINTIFF v. DEFENDANT KENDALL

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

99.     Plaintiff incorporates by reference Paragraphs 1 through 98 as though fully set forth at length herein.

100.    Defendant Kendall acted in an intentional and outrageous manner in attacking the Plaintiff, as more fully described hereinbefore above, which inflicted severe emotional distress upon the Plaintiff.

101.    Defendant Kendall knew, or should have known, through the use of ordinary caution, that his conduct would result in emotional distress of the Plaintiff.

102.    The severe emotional distress of the Plaintiff, which resulted from Defendant Kendall's conduct, was foreseeable and certain.

103.    The actions of Defendant Kendall were willful, deliberate, and were done with reckless disregard for the rights of the Plaintiff, thereby subjecting Defendant Kendall to punitive damages.

104.    As a direct and proximate result of the acts described hereinbefore above perpetrated by the Defendant Kendall, Plaintiff suffered the following injuries and damages:

    a.    violation of the Plaintiff's rights under Pennsylvania Common Law;

    b.    severe emotional distress, shock, horror, fright and psychological trauma;

    c.    extreme and severe damage to Plaintiff's educational experience;

    d.    economic damages related to any and all medical, legal, and/or other consequential costs; and

    e.    such other damages as may become apparent through the discovery process.

WHEREFORE, Plaintiff demands compensatory general damages against Defendant Kendall in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest

as permitted by law; punitive damages against Defendant Kendall; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: November 2, 2020